UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at FRANKFORT

Civil Action No. 15-26-HRW

ANGELA FAY COMBS,                                                                   PLAINTIFF,

v.                  **MEMORANDUM OPINION AND ORDER**

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY,              DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. For the reasons stated herein, the Court finds that remand is appropriate.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits and supplemental security income benefits on December 13, 2011, alleging disability beginning on April 1, 2011, due to "lumbar spine impairment, fibromyalgia, bulging disc injury, other thyroid problems [and] hip pain" (Tr. 197). This application was denied initially and again on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Bonnie Kittinger (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Kathy Smith, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 22-30). Plaintiff was 39 years old at the time of the hearing decision. She has a high school education and her past relevant work experience consists of work as a cashier, nurse's assistant and stocker (Tr. 198, 209-217).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 24).

The ALJ then determined, at Step 2, that Plaintiff suffers from degenerative disc disease and obesity, which he found to be "severe" within the meaning of the Regulations (Tr. 24-25).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 25).

The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 28) but determined that she has the residual functional capacity ("RFC") to perform to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) and § 416.967(a) except that she is limited to frequent balancing, occasional climbing of ramps and stairs, occasional stooping, kneeling, crouching, and crawling, no climbing ladders, ropes, or scaffolds, and avoiding concentrated exposure to wetness and hazards such as dangerous machinery and unprotected heights (Tr. 26-28).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 28-29).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision or, in the alternative, remand for further consideration. Both parties have filed Motions for Summary Judgment [Docket Nos. 7, 8 and 9] and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner*

*v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).

B.  **Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not properly weigh the medical evidence and (2) the ALJ did not properly evaluate Plaintiff's credibility.

C.  **Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ did not properly weight the medical evidence. Specifically, she questions the "slight weight" given by the ALJ to the opinions of pain management specialist Kendall Hansen, M.D.

The Sixth Circuit has frequently addressed the contours of the treating physician rule. For example:

> The agency promises claimants that it will give more weight to the opinions of treating sources than to non-treating sources. 20 C.F.R. § 404.1527(d). The opinions of treating physicians carry more weight because they likely provide "a detailed, longitudinal picture" of the claimant's medical impairment(s) that cannot be obtained from objective medical findings alone or from reports of consultants' examinations. *Wilson*, 378 F.3d at 544. An ALJ must give a treating source opinion concerning the nature and severity of the claimant's impairment controlling weight if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(d)(2); [*Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009).] However, a doctor's opinion that a patient is disabled from all work may invade the ultimate disability issue reserved to the Commissioner and, while such an opinion could still be considered, it could "never be entitled to controlling

4

> weight or given special significance." SSR 96-5p. 1996 WL
> 374183, at *5 (July 2, 1996) ("Medical sources often offer opinions
> about whether an individual . . . is 'disabled' or 'unable to work[.]'
> . . . Because these are administrative findings that may determine
> whether an individual is disabled, they are reserved to the
> Commissioner."); 20 C.F.R. § 404.1527(e)(1).
>
> If the ALJ decides not to give a treating physician's opinion
> controlling weight, the ALJ may not reject the opinion but must
> apply other factors to determine what weight to give the opinion,
> such as "the length of the treatment relationship and
> the frequency of examination, the nature and extent of the of the
> treatment relationship, supportability of the opinion, consistency of
> the opinion with the record as a whole, and the specialization of the
> treating source[.]" *Wilson*, 378 F.3d at 544 (citing
> 404.1527(d)(2)). If benefits are denied, **the ALJ must
> give"specific reasons for the weight given to the treating
> source's medial opinion, supported by the evidence in the case
> record, and must be sufficiently specific to make clear to any
> subsequent reviewers the weight the adjudicator gave to the
> treating source's medical opinion and the reasons for that
> weight."** SSR 96-2p,1996 WL 374188, at *5 (July 2, 1996);
> [*Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007)]
> (citing Rule 96-2p for the proposition that all cases carry a
> rebuttable presumption that a treating physician's opinion "is
> entitled to great deference, its non-controlling status
> notwithstanding").

*Minor v. Comm'r of Soc. Sec.*, 513 F. App'x 417, 437 (6th Cir. 2013)(emphasis added).

Dr. Hansen completed Multiple Impairment Questionnaire summarizing Ms. Combs' condition on August 6, 2013 (Tr. 509-516). He diagnosed lumbosacral arthritis with a "fair" prognosis (Tr. 509). Dr. Hansen said that conservative treatment options failed and diagnosed sacroiliitis; fibromyalgia; lumbar herniated disc with myopathy; lumbosacral arthritis and morbid obesity (Tr. 521). He found that Plaintiff had normal posture; full (5/5) muscle strength in her legs; mild spasticity in her low back; intact sensation; and normal low back range of motion, but

low back pain and a positive straight leg raising test (Tr. 521-22). He said that her diagnoses were permanent and would negatively affect future employment. He said that, with vocational rehabilitation and physical therapy, she could return to part-time work (Tr. 522). Dr. Hansen said that Plaintiff could only sit for an hour and stand/walk for up to one hour each in an eight-hour day. He said that she should not sit continuously. He said that she should get up and move around every 30 minutes (Tr. 511). He said that she could occasionally lift up to five to ten pounds and never carry any amount of weight (Tr. 512) and had moderate limitations on reaching (Tr. 513). He said that Plaintiff's pain, fatigue, or other symptoms would interfere with attention and concentration frequently. He said that she required unscheduled breaks every hour for 10 minutes (Tr. 514), would miss work two or three times per month, and could not push, pull, kneel, bend, or stoop (Tr. 515).

The ALJ accorded Dr. Hansen's assessment "slight weight" because the opinion "was not consistent with the longitudinal treatment records and are not based on sufficient objective evidence " (Tr. 28).

Plaintiff argues that, contrary to the ALJ's conclusory finding, Dr. Hansen did, in fact, provide objective evidence consistent with the record to support his opinions. Plaintiff further contends that the ALJ failed to identify any substantial evidence which calls into question Dr. Hansen's opinions.

The issue before this Court is a narrow one. The ALJ summarily assigned "slight weight" to the opinions of Dr. Hansen as to Plaintiff's restrictions. Whether this was improper, and whether any impropriety requires remand turns on § 404.1527 and the Sixth Circuit's treating source principles stated in *Wilson* and its progeny.

The ALJ's single sentence, quoted above, is her entire stated rationale for the credence given Dr. Hansen. This is problematic, as the regulation imposes a "clear and explicit elaboration requirement." *Bowlin v. Astrue*, No. 6:09-02-DCR, 2009 WL 2423309, at *4 (E.D. Ky. Aug. 5, 2009). This emanates from the promise, in the section, that the Commissioner "will always give good reasons . . . for the weight we give your treating source's opinions." § 404.1527(c)(2). Failure to provide sufficient explanation may undercut the substantiality of the decisional basis, deny a claimant procedural rights, threaten the fairness of (and public confidence in) the process, and frustrate effective review. *See, e.g., Wilson*, 378 F.3d at 543-46 (discussing rule rationale); *Bowlin*, 2009 WL 2423309, at *4 (citing "dual purpose" of explanation requirement: communication to claimants and facilitation of meaningful review). The rule protects important process expectations and administrative requisites. *See Rogers*, 486 F.3d at 243 (failure to adhere to procedural dictates "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record"); *Minor*, 513 F. App'x at 437 (declaring, "The ALJ could not ignore or reject these physicians' opinions without giving a principled basis for doing so[.]").

As the Sixth Circuit readily recognized,

> Put simply, it is not enough to dismiss a treating physician's opinion as "incompatible" with other evidence of record; there must be some effort to identify the specific discrepancies and to explain why it is the treating physician's conclusion that gets the short end of the stick.

*Friend*, 375 F. App'x at 552.

The Court finds that ALJ, by collapsing her entire rationale into one, analysis-free sentence, has failed to adequately explain the consideration given Dr. Hansen's opinions.

7

Although the ALJ's ultimate decision may be defensible on the merits, Plaintiff deserves the process assured by the Commissioner's own rules.

Given the Court's decision on this issue, the Court need not address Plaintiff's argument that the ALJ did not properly assess her credibility.

## III. CONCLUSION

Having considered the full record, and for the reasons discussed above, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment [Docket No. 7 ] be **SUSTAINED** insofar as it seeks remand and Defendant's Motion for Summary Judgment [Docket No. 9] be **OVERRULED. IT IS FURTHER ORDERED** that this matter be **REMANDED** for administrative proceedings consistent with this opinion. The Court will enter a separate judgment.

This 19th day of September, 2016.

Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge